IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FARRAKHAN BEY, #153770            :

        Plaintiff            :

v.            :   CIVIL ACTION NO. L-09-3049

BOBBY P. SHEARIN, et al.            :

        Defendants            :

## MEMORANDUM

This is a 42 U.S.C. § 1983 civil rights action. The Plaintiff, Farrakhan Bey ("Bey"), is a Maryland Division of Corrections ("DOC") inmate. In his Complaint, Bey makes fantastic claims that others are "neuropasting" into his nervous system. He also appears to allege that prison officials have posted some of the money in his prison account to an account under his alias, Frank James Gainey. He requests relief mandating that he receive access to both accounts.

The Court will grant leave to file in forma pauperis pursuant to 28 U.S.C. § 1915(a). The Court deems the Complaint frivolous in part and otherwise unexhausted and will dismiss a portion of it with prejudice and a portion without prejudice, reminding Bey that future complaints containing bare allegations and insufficient facts may be dismissed under the Prison Litigation Reform Act ("PLRA") and assigned a "strike" as mandated therein.[1]

---

[1]   See 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has two "strikes" pending. See Bey v. Warden, Civil Action No. L-02-229 (D. Md. 2002), dismissed as frivolous on January 29, 2002, and Bey v. Warden, Civil Action No. L-02-3659 (D. Md. 2002), dismissed as frivolous on November 18, 2002.

**I.      Standard of Review**

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires district courts to review complaints filed by prisoners against government entities, officers, or employees, and dismiss those complaints or portions of complaints that are frivolous, malicious, or fail to state a claim upon which relief may be granted.  See 28 U.S.C. 1915(A)(a) and (b)(1).  Further, the PLRA requires a prisoner to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

**II.     Analysis**

Bey's claim about "neuropasting" raises no constitutional concern.  This portion of his lawsuit is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

Bey provides no information to show that his claim for return of funds placed in an account under his alias has been exhausted through the Administrative Remedy Procedure ("ARP") process available to Maryland prisoners.  Such exhaustion is a prerequisite to bringing an action in this Court.  Absent exhaustion, this claim shall be dismissed as premature.

**III.    Conclusion**

For the foregoing reasons, the Court will, by separate Order:

(i)      GRANT Bey leave to file in forma pauperis;

(ii)   DISMISS Bey's claim concerning "neuropasting" as frivolous and DISMISS WITHOUT PREJUDICE Bey's request for return of his money;

(iii)  DIRECT the Clerk to CLOSE this case; and

(iv)   DIRECT the Clerk to Mail a copy of the Memorandum and Order to Bey.

Dated this 3rd day of December 2009.

/s/
_____
Benson Everett Legg
Chief Judge